## STEVENS v. CUNARD S. S. CO., Limited.

(Circuit Court of Appeals, Second Circuit. February 9, 1921.)

No. 117.

**Shipping ⬅140—Liability for loss of cargo limited by bill of lading.**

A provision of a bill of lading that it is mutually agreed that the value of each package does not exceed £20, on which basis the freight is adjusted, and that the vessel's liability shall not exceed such sum, unless a value in excess is specially declared on in a shipping note, and extra freight paid as agreed on, *held* to govern, and limit the carrier's liability in all cases where the shipper, on shipment, has not declared the value of the goods, to the exclusion of all other provisions for ascertaining the value of goods lost or damaged.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by William Stevens against the Cunard Steamship Company, Limited. From the decree, libelant appeals. Affirmed.

For opinion below, see 265 Fed. 871.

Theodore L. Bailey, of New York City (C. V. Parsell, of New York City, of counsel), for appellant.

Lord, Day & Lord, of New York City (A. B. Bradley, of counsel), for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. This libel was filed to recover for the loss of a bale of woolens shipped at Liverpool on the steamer Caronia and not delivered at New York, no value having been declared in the shipping note upon shipment.

Three clauses in the bill of lading, interspersed in a long paragraph of fine print and separated by provisions in many cases not relating to the amount recoverable in case of loss or injury, are as follows:

"It is also mutually agreed that the value of each package shipped hereunder does not exceed £20 (or its equivalent in American currency), or relatively for any proportion thereof, on which basis the freight is adjusted, and the company's liability shall in no case exceed that sum unless a value in excess thereof is specially declared on the shipping note accompanying the goods and stated therein, and extra freight as may be agreed on paid."

"The shipowner is not liable * * * in any case for more than the declared or invoice value of the goods, whichever shall be least."

"In the event of claims for short delivery when the ship reaches her destination, the price shall be the market price at the port of destination on the day of the ship's entry at the custom house, less all charges saved."

The libelant claimed to recover $943.31 under the third clause, while the respondent claimed that its liability was for $95.20 under the first clause. Judge Mayer entered a decree for $95.20, from which this appeal is taken.

We think these clauses divide all shipments into two classes:

A. Where the shipper upon shipment has not declared the value of the goods.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

B. Where he has declared their value upon shipment.

The first of the above clauses (A) completely regulates the first class of shipments, and under it the owner has agreed that he may in no case recover more than £20 per package, or, if the value is less, only that value.

(B) covers: (a) The second clause, arrived goods, as to which the owner shall recover in case of total or partial damage the declared or invoice value, whichever shall be least. (b) The third clause applies to goods not arrived, and as to them the owner shall recover their market value on the day of the ship's entry at custom house, less charges saved.

This seems to us a consistent and reasonable construction of the three clauses. When the owner declares no value, and pays a minimum rate of freight, he should not recover more than the value agreed upon in the bill of lading; that is, not in excess of £20 per package, or the real value, if less than that sum, the rate of freight being adjusted upon that agreed value. When he has declared the value of the goods on shipment, and they are delivered, he will ordinarily be made whole for any loss if he receive the value which he has declared, or for which he has invoiced them, whichever is least.

But when the carrier fails to deliver at all it should put the owner in the position he would have been in had the shipment been delivered in good order, viz. their market value at destination, which is ordinarily more than their value at port of shipment.

For these reasons the decree is affirmed.